UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

INDICTMENT FOR CONSPIRACY TO COMMIT WIRE FRAUD, AGGRAVATED IDENTITY THEFT, AND NOTICE OF FORFEITURE

| UNITED STATES OF AMERICA | : | CRIMINAL NO. 24-14-SDD-EWD |
|---|---|---|
| | : | |
| | : | 18 U.S.C. § 1349 |
| *versus* | : | 18 U.S.C. § 1028A(a)(1) |
| | : | 18 U.S.C. § 981(a)(1)(C) |
| | : | 18 U.S.C. § 982(a)(2)(A) |
| CALVIN KEMP and | : | 28 U.S.C. § 2461(c) |
| CHEVEZ TYWAN ROBILLARD | : | 21 U.S.C. § 853(p) |

**THE GRAND JURY CHARGES:**

**At all times relevant to this indictment:**

1. **CALVIN KEMP ("KEMP")**, defendant herein, was a resident of Baton Rouge, Louisiana.

2. **CHEVEZ TYWAN ROBILLARD ("ROBILLARD"),** defendant herein, was a resident of Baton Rouge, Louisiana.

3. Ameritas Life Insurance Company ("Ameritas Life") was a Nebraska corporation that did business providing life insurance products to customers in East Baton Rouge Parish, Louisiana, and elsewhere.

4. Assurity Life Insurance Company ("Assurity Life") was a Nebraska corporation that did business providing life insurance products to customers in East Baton Rouge Parish, Louisiana, and elsewhere.

5. CMFG Life Insurance Company ("CMFG Life") was a Wisconsin corporation that did business providing life insurance products to customers in East Baton Rouge Parish, Louisiana, and elsewhere.

6. Fidelity Life Insurance Company ("Fidelity Life") was an Illinois corporation that did business providing life insurance products to customers in East Baton Rouge Parish, Louisiana, and elsewhere.

7. Gerber Life Insurance Company ("Gerber Life") was a Michigan corporation that did business providing life insurance products to customers in East Baton Rouge Parish, Louisiana, and elsewhere.

8. Lumico Life Insurance Company ("Lumico Life") was a New York corporation that did business providing life insurance products to customers in East Baton Rouge Parish, Louisiana, and elsewhere.

9. Mutual of Omaha Insurance Company ("Mutual of Omaha Insurance") was a Nebraska corporation that did business providing life insurance products to customers in East Baton Rouge Parish, Louisiana, and elsewhere.

10. SBLI Life Insurance Company ("SBLI Life") was a Massachusetts corporation that did business providing life insurance products to customers in East Baton Rouge Parish, Louisiana, and elsewhere.

11. eFinancial was a Washington insurance brokerage company that offered life insurance products to customers in East Baton Rouge Parish, Louisiana, and elsewhere, and was an authorized agent for the sale of Fidelity Life Insurance Company life insurance products.

## COUNT ONE
### (Conspiracy to Commit Wire Fraud)

**The Conspiracy**

12. Paragraphs 1 through 11 as contained in this Indictment are hereby re-alleged and fully incorporated here by reference.

2

13. Beginning in at least July 2022, and continuing to at least November 2022, in the Middle District of Louisiana and elsewhere, the defendants, **CALVIN KEMP, CHEVEZ TYWAN ROBILLARD**, and others known and unknown to the Grand Jury, did knowingly and willfully combine, conspire, confederate, and agree to commit wire fraud, in violation of Title 18, United States Code, Section 1343, that is, to devise a scheme and artifice to defraud and for obtaining money or property from life insurance companies by means of materially false and fraudulent pretenses, representations, and promises, and, for the purpose of executing the scheme to defraud, did cause wire communications to be sent in interstate commerce.

**Object of the Conspiracy**

14. The object of the conspiracy was for the defendants to unjustly enrich themselves by fraudulently obtaining life insurance benefits to which they were not entitled.

**Manner and Means**

15. In order to accomplish the objects of the conspiracy, the defendants used, and caused others to use, the following manner and means, both in the Middle District of Louisiana, and elsewhere:

    a. Members of the conspiracy used the personal identifying information ("PII") of Individuals A, B, and C to attempt to obtain and, in some instances, obtain life insurance policies, with Individuals A, B, and C as the named insured in the life insurance policies, from the life insurance companies listed in paragraphs 3 through 11, above, and **ROBILLARD** as the beneficiary of said policies. Specifically, defendants and others known and unknown to the Grand Jury contacted the life insurance companies listed in paragraphs 3 through 11, above, and provided personally identifiable information such as names, dates of birth, and social security numbers of Individuals A, B, and C in applications submitted via the internet

3

and/or via phone calls in order to obtain or attempt to obtain life insurance policies with Individuals A, B, and C as the named insured of each policy, and **ROBILLARD** as the named beneficiary of each policy.

   b. On July 13, 2022, **KEMP** and **ROBILLARD** opened a business checking account at Woodforest Bank in the name of VISION INVESTMENT GROUP. **KEMP** and **ROBILLARD** were the only authorized signers on the account. This account was then used to pay the premiums for several of the life insurance policies described in this indictment.

   c. On July 18, 2022, **KEMP** contacted Fidelity Life by phone inquiring about accidental death life insurance policies and whether these policies covered accidental drug overdose deaths. During the phone conversation, **KEMP** stated that he was the CEO for a record label seeking insurance policies on behalf of the music artists whom he represented. The Fidelity Life phone representative advised **KEMP** that Fidelity Life accidental death life insurance policies do not provide benefits for accidental overdose deaths, but they do provide benefits for deaths caused by, among other things, car crashes, natural disasters, poisoning, and shootings.

   d. On August 13, 2022, **KEMP** contacted eFinancial by phone, represented himself as Individual A, and applied for a Fidelity Life Insurance accidental death life insurance policy with Individual A as the named insured, a coverage amount of $300,000.00, using personal identifiers of Individual A to include name, date of birth, and social security number, and **ROBILLARD** as the named beneficiary. In addition, **KEMP** provided one of **ROBILLARD's** email addresses as the contact email for Individual A, and the routing and account number for **KEMP's** and **ROBILLARD's** bank account.

   e. On August 17, 2022, **KEMP** spoke with an eFinancial representative by phone, represented himself as Individual A, used personal identifiers of Individual A to include

4

her/his name and date of birth, and provided one of his, that is **KEMP's**, own email addresses as the contact email address for Individual A.

    f.  On August 26, 2022, **KEMP** spoke with eFinancial representatives by phone, represented himself as Individual B, used personal identifiers of Individual B to include her/his name and date of birth, and discussed a new accidental death insurance policy in an initial amount of $500,000 and eventually for $1,000,000. **KEMP** provided one of his own personal email addresses and an income value for Individual B. **KEMP** stated he was a ghostwriter for rap artists, and that he already had an accidental death insurance policy for Individual B. **KEMP** also asked if the new policy would cover death resulting from murder.

    g.  On September 1, 2022, **ROBILLARD** spoke with a Gerber Life representative. **ROBILLARD** identified himself as Individual A. **ROBILLARD** requested her/his policy number from Gerber Life. The Gerber Life representative informed **ROBILLARD** that a policy was not in place. **ROBILLARD** then proceeded to use Individual A's name and date of birth to apply for a new life insurance policy with an amount of between $200,000 and $250,000 during this call. **ROBILLARD** listed himself as the beneficiary for the policy, and provided the routing and account number for **KEMP's** and **ROBILLARD's** bank account.

    h.  Also on September 1, 2022, **KEMP** spoke with an eFinancial representative by phone. **KEMP** identified himself as Individual B. **KEMP** and the representative discussed **KEMP's** application for a life insurance policy for $1,000,000 for any cause of death. **KEMP** stated he did not want a medical exam.

    i.  During this same September 1, 2022 call with eFinancial, **KEMP** was asked by the representative why he had the same telephone number as Individual A. **KEMP** explained that Individual A was probably instructed by the record label to call eFinancial as well.

While representing himself as Individual B, **KEMP** informed the eFinancial representative that he was a writer for rap artists who earned $75,000 a year.

j.  On September 7, 2022, **KEMP** spoke with a CMFG Life representative by phone, represented himself as Individual C, and completed a voice signature for a CMFG Life Insurance accidental death life insurance policy with Individual C as the named insured. The voice signature followed an online application for life insurance coverage in the amount of $300,000.00. **KEMP** used the personal identifiers of Individual C, to include Individual C's name and the last four digits of Individual C's social security number, while completing this voice signature over the phone.

k.  On September 23, 2022, **KEMP** spoke with eFinancial representatives by phone, represented himself as Individual B, used personal identifiers of Individual B to include her/his name, and discussed her/his application for $500,000 to up to $1,000,000 worth of life insurance coverage. **KEMP** told the eFinancial representatives that he did not want to submit to a medical exam. **KEMP** further explained that he was a ghost writer for a record label, and the record label requested that **KEMP** and others take out insurance policies. **KEMP** proceeded to answer personal medical questions while presenting himself as Individual B.

l.  On October 17, 2022, **ROBILLARD** spoke with a Lumico Life representative by phone, represented himself as Individual C, and provided personal identifiable information including the name, date of birth, and last four digits of the social security number for Individual C. **ROBILLARD** then provided her/his own telephone number as the contact phone number for Individual C. **ROBILLARD** then confirmed that the policy for Individual C was active with Lumico Life.

6

      m.      As a result of the conspiracy, **KEMP, ROBILLARD,** and others known and unknown to the Grand Jury, fraudulently obtained $1,900,000 of life insurance policy coverage with Individual A as the named insured and **ROBILLARD** as the beneficiary from Assurity Life, Fidelity Life, Gerber Life, and Mutual of Omaha Insurance.

      n.      As a result of the conspiracy, **KEMP, ROBILLARD,** and others known and unknown to the Grand Jury, fraudulently attempted to obtain up to $1,000,000 of life insurance policy coverage with Individual B as the name insured and **ROBILLARD** as the beneficiary via eFinancial in its capacity as a brokerage of numerous insurance companies, to include Fidelity Life.

      o.      As a result of the conspiracy, **KEMP, ROBILLARD,** and others known and unknown to the Grand Jury, fraudulently obtained $2,425,000 of life insurance policy coverage with name of Individual C as the named insured and **ROBILLARD** as the beneficiary from Ameritas Life, CMFG Life, Lumico Life, Mutual of Omaha Insurance, and SBLI Life.

The above is a violation of Title 18, United States Code, Section 1349.

## COUNTS TWO THROUGH SIX
### (Aggravated Identity Theft)

16.    Paragraphs 1 through 15 as contained in this Indictment are hereby re-alleged and fully incorporated here by reference.

17.    On or about the dates listed below, in the Middle District of Louisiana and elsewhere, the below named defendants did knowingly possess and use, without lawful authority, the means of identification of another person as set forth below, during and in relation to the felony violation contained in Count 1.

| COUNT | DATE OF USE | DEFENDANTS | DESCRIPTION OF IDENTITY THEFT |
|---|---|---|---|
| 2 | August 13, 2022 | **KEMP** | Use of the name, date of birth, and social security number of Individual A during a phone call with a representative of eFinancial |
| 3 | August 26, 2022 | **KEMP** | Use of the name and date of birth of Individual B during a phone call with a representative of eFinancial |
| 4 | September 1, 2022 | **ROBILLARD** | Use of the name and date of birth of Individual A during a phone call with a representative of Gerber Life |
| 5 | September 7, 2022 | **KEMP** | Use of the name and last four digits of the social security number of Individual C during a phone call with a representative of CMFG LIFE |
| 6 | October 17, 2022 | **ROBILLARD** | Use of the name, date of birth, and last four digits of the social security number of Individual C during a phone call with a representative of Lumico Life |

Each of the above is a violation of Title 18, United States Code, Section 1028A(a)(1).

## **NOTICE OF FORFEITURE**

18. The allegations contained in Paragraphs 1-15 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(2)(A); Title 18, United States Code, Section 981(a)(1)(C); and Title 28, United States Code, Section 2461(c).

19. Upon conviction of a violation of Title 18, United States Code, Section 1349, as set forth in Count One of this Indictment, the defendants, **CALVIN KEMP**, and **CHEVEZ TYWAN ROBILLARD**, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(A); Title 18, United States Code 981(a)(1)(C); and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is

derived from proceeds traceable to the offense and/or obtained, directly or indirectly, as a result of such violation.

20. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), and the United States shall be entitled to a forfeiture money judgment.

UNITED STATES OF AMERICA, BY

_____
RONALD C. GATHE, JR.
UNITED STATES ATTORNEY
MIDDLE DISTRICT OF LOUISIANA

_____
PAUL L. PUGLIESE
ASSISTANT UNITED STATES ATTORNEY

A TRUE BILL

**REDACTED
PER PRIVACY ACT**
_____
GRAND JURY FOREPERSON

2/22/24
_____
DATE

9

# Criminal Cover Sheet — U.S. District Court

**Place of Offense:**

City: Baton Rouge

County/Parish: East Baton Rouge

*Investigating Agency: FBI

*Agent: Katie Craft

**Matter to be sealed:** ✓ Yes ☐ No

**Related Case Information:**

Superseding _____ Docket Number _____
Same Defendant _____ New Defendant _____
Magistrate Case Number: _____
Search Warrant Case No.: _____
R 20/ R 40 from District of: _____
**Any Other Related Cases:** _____

**Defendant Information:**

Defendant Name: Chevez Tywan Robillard

Alias: _____

Address: _____

Birthdate: _____  SS #: _____  Sex: ___  Race: _____  Nationality: _____

**U.S. Attorney Information:**

AUSA: Paul L. Pugliese    Bar #: FLBN 717370

Interpreter: ☐ Yes  ✓ No    List language and/or dialect: _____

**Location Status:**

Arrest Date _____
___ Already in Federal Custody as of _____
___ Already in State Custody
___ On Pretrial Release

**U.S.C. Citations:**

Total # of Counts: 3

| Code | Description of Offense Charged | Count(s) | Petty/Misdemeanor/Felony |
|---|---|---|---|
| 18 U.S.C. § 1349 | Conspiracy to Commit Wire Fraud | 1 | F |
| 18 U.S.C. § 1028A(a)(1) | Aggravated Identify Theft | 4, 6 | F |

(May be continued on second sheet)

Date: 2/22/2024    Signature of AUSA: /s/ Paul L. Pugliese

# Criminal Cover Sheet — U.S. District Court

**Place of Offense:**

City: Baton Rouge

County/Parish: East Baton Rouge

*Investigating Agency: FBI

*Agent: Katie Craft

**Matter to be sealed:** ✓ Yes  ☐ No

Related Case Information:

Superseding _____ Docket Number _____
Same Defendant _____ New Defendant _____
Magistrate Case Number: _____
Search Warrant Case No.: _____
R 20/ R 40 from District of: _____
**Any Other Related Cases:** _____

**Defendant Information:**

Defendant Name: Calvin Kemp

Alias: _____

Address: _____

Birthdate: _____ SS #: _____ Sex: ___ Race: _____ Nationality: _____

**U.S. Attorney Information:**

AUSA: Paul L. Pugliese       Bar #: FLBN 717370

Interpreter: ☐ Yes  ✓ No       List language and/or dialect: _____

**Location Status:**

Arrest Date _____
___ Already in Federal Custody as of _____
_X_ Already in State Custody
___ On Pretrial Release

**U.S.C. Citations:**

Total # of Counts: 4

| Code | Description of Offense Charged | Count(s) | Petty/Misdemeanor/Felony |
|---|---|---|---|
| 18 U.S.C. § 1349 | Conspiracy to Commit Wire Fraud | 1 | F |
| 18 U.S.C. § 1028A(a)(1) | Aggravated Identify Theft | 2,3,5 | F |

(May be continued on second sheet)

Date: 2/22/2024       Signature of AUSA: /s/ Paul L. Pugliese